J-E01007-20

2020 PA Super 163

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :        PENNSYLVANIA
                                 :
           v.                    :
                                 :
                                 :
RON LARKIN,                      :
                                 :
           Appellant             :    No. 2761 EDA 2018


Appeal from the PCRA Order Entered August 20, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0016013-2010,
              CP-51-CR-0016014-2010.


BEFORE:  PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS,
         J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY KUNSELMAN, J.:                         Filed: July 9, 2020

       Ron Larkin appeals from the August 20, 2018 order entered in the Court

of Common Pleas of Philadelphia County dismissing his PCRA petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546.  We granted *en banc* review to decide whether Larkin preserved his

appellate rights.[1]  We conclude that Larkin's appeal may proceed, but we

affirm the order of the PCRA court.

                                   I.

---

[1] We also granted *en banc* review in another case with a similar procedural
issue.  **See Commonwealth v. Johnson** (2046 EDA 2018, 2047 EDA 2018,
1620 EDA 2018 and 2045 EDA 2018).  Both cases were listed consecutively
before this *en banc* panel, and we decide them both today.

Larkin timely filed a ***pro se*** notice of appeal on September 18, 2018, listing both of his criminal docket numbers. Thereafter, this Court issued a rule to show cause why his appeal should not be quashed for failure to comply with Pennsylvania Rule of Appellate Procedure 341(a) and its note and our Supreme Court's decision in **Commonwealth v. Walker,** 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each lower court docket number). Larkin filed an untimely response to the rule to show cause order on December 17, 2018, where, *inter alia*, he requested this Court consolidate his two criminal cases or permit him additional time to file separate notices of appeal. In a *per curiam* order, this Court referred the **Walker** issue to the panel assigned to decide the merits of Larkin's appeal.

While his appeal was pending, a divided three-judge panel of this Court filed a published opinion in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019). There, the majority of the panel construed the mandates of **Walker** to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case." **Id**. at 1144. Instead, the panel concluded "***a notice of appeal may contain only one docket number***." **Id**. (emphasis added). The panel quashed the appeal. Neither party filed a petition for allowance of appeal with the Supreme Court, rendering **Creese** a final disposition and setting precedent by this Court.

Thereafter, the panel originally assigned to Larkin's case requested *en banc* certification to decide whether Larkin adequately preserved his appeal under **Walker.** This Court then ordered that counsel be appointed to represent Larkin on appeal. Per Curiam Order, 10/4/19. We further directed counsel for the parties to file briefs addressing 1) whether Larkin's inclusion of multiple court of common pleas docket numbers on his notices of appeal violates Pa.R.A.P. 341 and **Walker**, 2) if so, whether such violation necessitates quashal by this Court. Per Curiam Order, 10/28/19.

Preliminarily, we observe that in another case decided today, this Court expressly overruled **Creese** to the extent that **Creese** interpreted **Walker** as requiring the Superior Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal. **Commonwealth v. Johnson**, ___ A.3d.___ (Pa. Super. 2020) at \*___. Thus, the fact that Larkin's notice of appeal contained more than one number is of no consequence.

Additionally, we observe that **Walker** and the note to Appellate Rule 341(a) require a bright-line rule that where "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." **Id**. Further, we note the concerns that our Supreme Court expressed in **Walker** are not present in this case (there are not multiple defendants, the facts and issues apply to only one

- 3 -

appellant, and the outcome will only affect one appellant). Nonetheless, because Larkin seeks post-conviction relief relating to "more than one docket," *Walker* required him to file separate notices of appeal.

Larkin concedes that *Walker* applies to his case, but he argues that we should not quash his appeal due to a breakdown in the court system.[2] Larkin, Supplemental Brief at 11-12.

To support his argument, Larkin relies on this Court's decision in several cases, including *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), *reargument denied* (Nov. 12, 2019). There, this Court noted that we

---

[2] Larkin additionally claims he was never properly provided with any notice of his appellate rights. Since he was not in the courtroom, Pennsylvania Rule of Criminal Procedure 908E required the judge to advise him of his right to appeal by certified mail, return receipt requested. He claims the record does not indicate that the notice was sent in this fashion. This rule violation alone, he contends, excuses his violation of *Walker*. Our review of the record, however, indicates that the law clerk filed a proof of service of the trial court's order dismissing Larkin's PCRA petition for lack of merit and advising him of the time to file an appeal. The law clerk certified that he sent a copy of the order "certified" to Larkin at his prison address at SCI-Forest on the day after the order was entered. Proof of Service, 8/21/18.

Larkin further claims he did file separate notices of appeal, albeit ones that contained multiple docket numbers. This is also belied by the record. Larkin included a cover letter with his notice of appeal, which stated, "Please find enclosed with this envelope, **one original** and five copies of the above named Defendant's Notices of Appeals to be filed. . ." and requests the court "to assist him in making proper service of this Notice of Appeal in this legal matter." Letter, 9/16/18 (emphasis added). Only one notice of appeal appears on the docket. By way of comparison, we note the docket indicates Larkin filed two copies of his notice of appeal to a prior PCRA order in 2014, but not to the instant 2018 PCRA order. As such, Larkin's additional arguments have no merit.

have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court. *Id.* at 159-60 (citing *Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa. Super. 2016) (holding breakdown in court operation granted this Court jurisdiction over untimely appeal where trial court failed to correct counsel's misstatement about deadline for filing appeal and incorrectly provided that the appellant had an additional thirty days to appeal from order denying motion for reconsideration of sentence imposed upon revocation of intermediate punishment); *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (compiling cases in which the "courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him"); *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("[W]e decline to quash this appeal because [the late appeal] resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation.") (internal quotation marks omitted); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001) (same)).

In *Stansbury*, the PCRA court advised the appellant that he could appeal the dismissal of his PCRA petition by filing within thirty days "*a* written notice of appeal to the Superior Court." *Stansbury*, 219 A.3d at 159. The court also utilized the singular in advising him where to file "Said **notice** of

appeal[.]" *Id*. (emphasis added). Hence, while *Walker* required Stansbury to file separate notices of appeal at each docket number, the PCRA court informed him that he could pursue appellate review by filing a single notice of appeal. We concluded that such misstatements as to the manner that Stansbury could effectuate an appeal from the PCRA court's order amounted to a breakdown in court operations such that we could overlook the defective nature of his timely notice of appeal. Therefore, we declined to quash pursuant to *Walker* and addressed the substance of his appeal.

Here, as in *Stansbury*, the order informing Larkin of his appellate rights provided "Petitioner has thirty (30) days from the date of this order to file *an* appeal." PCRA Court Order, 8/20/18 (emphasis added). The Commonwealth concedes this notice constituted a breakdown in the court system and that quashal of this appeal is not necessary. Commonwealth Supplemental Brief at 7-8.

We agree with the panel in *Stansbury* and reaffirm its holding that we may overlook the requirements of *Walker* where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights. Therefore, we decline to quash this appeal and will review the merits of Larkin's claim.

II.

Turning to the merits of this appeal, the PCRA court set forth the procedural history as follows:

On January 3, 2012, [Larkin] entered a negotiated [plea agreement and] pled guilty [to] two counts of first degree murder [18 Pa.C.S.A. § 2502(a)] and a violation of [18 Pa.C.S.A.] § 6106[(a)(1)] of the Uniform Firearms Act. In accordance with the terms of the plea agreement, the Commonwealth did not seek the death penalty. The [trial] court sentenced Larkin to consecutive terms of life imprisonment on the murder bills and a concurrent prison term of three-and-a-half (3½) to seven (7) years [of incarceration] on the firearms bill.

[Larkin] did not file post-sentence motions or a direct appeal. Instead, he timely filed a *pro se* PCRA petition. The [PCRA] court thereafter appointed counsel to represent Larkin. PCRA counsel filed a brief pursuant to **Commonwealth v. Finley**, [550 A.2d 213 (Pa. Super. 1988)], stating that the issues raised in [Larkin's] *pro se* petition were without merit and that there were no additional issues which could be raised in an amended PCRA petition. On April 9, 2014, after reviewing the record and the pleadings, [the PCRA] court dismissed the petition without an evidentiary hearing, holding that the petition had no merit[.]

[Larkin] appealed. On November 12, 2015, the Superior Court affirmed the dismissal of the PCRA petition. [Larkin] did not seek [further review by the Supreme Court].

On or about June 29, 2018, [Larkin] filed a "Petition for Writ of Habeas Corpus" in which he alleged [the trial court and PCRA] court lacked personal and/or subject matter jurisdiction. On August 20, 2018, [the PCRA] court dismissed the instant PCRA petition as untimely. This timely appeal followed.

PCRA Court Opinion, 11/1/18, at 1-2 (footnote omitted). Both Larkin and the

PCRA Court complied with Pa.R.A.P. 1925.

Larkin now raises the following issues:

[1.] Did the [PCRA] court commit an error of law in dismissing [Larkin's] *habeas corpus* petition without a hearing, before proving the Commonwealth of Pennsylvania had subject matter jurisdiction to bring [Larkin's charges] and that the trial court had jurisdiction to take [Larkin's] guilty plea?

[2.] Did the [PCRA] court commit an error of law in dismissing [Larkin's] *habeas corpus* [petition] on the ground of no

merit of the case, when [Larkin's petition] pertains to the jurisdiction of that court in regard to the invalid "criminal information" lodged against him in violation of his constitutional right of not notifying him of the alleged charges filed against him?

Larkin's Brief at 3 (excess capitalization omitted).

In both of these issues, Larkin essentially challenges whether the trial court had jurisdiction to convict and sentence him on the charges filed against him. In support of his position, Larkin contends that "the first Constitution adopted in the Commonwealth of Pennsylvania prohibited amendments and . . . the constitutions adopted in 1874 and 1968 did not contain a provision permitting the adoption of a Crimes Code." Larkin's Brief at 6. We address these claims together.

First, however, we address whether the PCRA court properly considered Larkin's *habeas corpus* petition under the PCRA. In **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013), this Court reiterated:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a [PCRA petitioner] cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Taylor**, 65. A.3d at 465-66. **See also** 42 Pa.C.S.A. § 6503(b) (providing, "the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law"). Because Larkin's jurisdictional challenge is cognizable under the PCRA, the PCRA court did not

err in treating his writ of *habeas corpus* as a PCRA petition. Thus, we review the denial of post-conviction relief under the PCRA.

Considering Larkin's filing as a serial PCRA petition, we must next determine if it was timely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] A PCRA petition invoking one of these

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, because Larkin did not file a direct appeal to this Court after he was sentenced on January 3, 2012, his judgment of sentence became final thirty days thereafter, or on February 2, 2012. Thus, for purposes of the PCRA's time bar, Larkin had to file a PCRA petition by February 2, 2013. Larkin filed his second PCRA petition on October 16, 2017. Thus, the petition is patently untimely, unless Larkin has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Larkin failed to plead and prove a timeliness exception. Indeed, within his brief, Larkin does not even acknowledge the PCRA's time bar and exceptions, but rather makes general assertions, with citation to decisions

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[4] We note that effective December 24, 2018, section 9545(b)(2) was amended to expand the time period in which to file a PCRA petition invoking one of the three PCRA timeliness exceptions from sixty days to one year. Because Larkin filed the PCRA petition at issue on June 29, 2018, the one-year period applies.

from Pennsylvania, as well as federal decisions and decisions from our sister states, to support his jurisdictional challenge. *See* Larkin's Brief at 20-25. This Court has previously held that a claim of lack of subject matter jurisdiction does not qualify as one of the statutory exceptions to the PCRA's jurisdictional time bar. ***Commonwealth v. Dickerson***, 900 A.2d 407, 412 (Pa. Super. 2006), *appeal denied*, 911 A.2d (Pa. 2006).

In sum, our review of the record supports the PCRA court's treatment of Larkin's *habeas corpus* petition as a serial PCRA petition. Considered as such, the PCRA court further correctly concluded that the 2018 PCRA petition was untimely filed, and that Larkin failed to plead and prove an exception to the PCRA's time bar. Thus, both the PCRA court and this Court lack jurisdiction to consider Larkin's claims on their merits. ***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015). We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

President Judge Panella, and Judges Dubow, Nichols, McLaughlin, King and McCaffery join this Opinion.

Judge Stabile files a Concurring Opinion, in which Judges Dubow, King and McCaffery join.

Judge Murray Notes Dissent.

J-E01007-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/20